JUDGE CABELL.
This is a motion to dismiss an appeal, on the ground of want of jurisdiction. The appeal, in this case, having been granted to the complainant in the court of chancery, the question will turn altogether on the construction of the second section of the “Act for reducing-into one act, the several acts concerning the court of appeals and special court of appeals,” which passed in 1792;(a) and no regard can be had to the act entitled “An act concerning granting appeals from decrees in chancery,” which passed in 1794;(b) this latter act being confined to cases where the appeals shall be granted to defendants. According to the act first mentioned, this, court shall have jurisdiction on appeals, from the court of chancery, if the matter in controversy be equal in value, exclusive of costs, to 150 dollars. It was admitted by the counsel for the appellant, that, whenever a suit, either at law or in equity, shall maintain or preserve its original character, in a course of appeal, that, there, it is the original judgment or decree only to which we must resort in order to determine whether this court has jurisdiction, and that, in our estimate, all the costs, of *every court, must be excluded. But he contended for a difference, where, as in the case now before the court, the original judgment was at law, but has been enjoined by the intervention of a court of equity, and the appeal is taken from the decree of the court of equity. In such a. case, he contended that we are not to exclude the costs of the court where the judgment was originally obtained, but only the costs of that court from whose decree the appeal is taken.’ I do not perceive any foundation for such a distinction; for where an injunction has been obtained, as-in the present case, to a judgment of a court of law, what is, in the language of the act of assembly, the matter in controversy between the parties? Unquestionably the judgment itself; and that must be of the value of 150 dollars, exclusive of costs. The legislature intended to exclude all costs; and it would have been difficult for them to have adopted stronger language. I do not perceive that this case is varied by the mere statement in the bill that a delivery bond bad been executed. The answer is silent as to the fact; nor is it established by any testimony in the cause, although no fact would be more susceptible of proof; it cannot, therefore, enter into the consideration of the court. But, admitting a delivery bond to have been given; its amount not appearing, must the court necessarily infer, that it was at least 150 dollars; and, even admitting that it did amount to that sum, must the court presume, without proof, that the bond was forfeited? Certainly not; and, until a delivery bond shall have been forfeited, I presume it would not be considered as a discharge of the original judgment, or even as changing its character. I think, therefore, the appeal should be dismissed.
JUDGE ROANE.
By the 2d section of the act concerning the court of appeals, (c) jurisdiction is given to this court upon appeals from final decisions in the high court *of chancery, “if the matter in controversy be equal in value, exclusive of costs,” to 150 dollars, where *349 the judgment sought to be reversed shall have been rendered in the general court, ■or high court of chancery, or be a freehold or franchise. The matter in controversy in this case, was a judgment in a county court for the sum, exclusive of costs, of only 99 dollars; and the question made both in the county court in chancery, and in the high court of chancery, from whose decision this appeal is taken, was whether that judgment should be enjoined, or suffered to take its course. Nothing, therefore, can be clearer than that this appeal is taken from a decree of the court of chancery, respecting a matter the value whereof, exclusive of costs, is below the standard which gives jurisdiction to this court.
In the case of Hepburn v. Lewis, (a) which was an appeal from the judgment of a district court refusing to enter judgment, upon a verdict for less than thirty pounds, where the writ was for fifty pounds, it was decided that this court had no jurisdiction of the appeal, which was therefore dismissed, on the ground that “the verdict was for less money than the law allows appeals to this court for, and was below the jurisdiction of the court.”
The principle in that case is decisive of -the case before us, and the appeal must be dismissed.

 Rev. Code, vol. 1, p. 60.

 Rev. Code, vol. 1, p. 318.

 Rev. Code, v. 1, p. 69.

 2 Call, 497.